# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

LAROI WASHINGTON,                )
                                 )
            Plaintiff,            )
                                 )
    v.                           )        C.A. No. CPU4-14-000249
                                 )
JAMES TRAUTZ,                    )
                                 )
            Defendant.           )

Submitted: January 21, 2015
Decided: February 12, 2015

Kenneth L. Wan, Esq.
242 North James Street
Newport, Delaware 19804
*Attorney for Plaintiff*

Anthony N. Forcina, Esq.
220 Continental Drive, Suite 205
Newark, DE 19713-4312
*Attorney for Defendant*

## DECISION AFTER TRIAL

**RENNIE, J.**

## INTRODUCTION

This is a negligence action that arises out of a motor vehicle accident. Plaintiff Laroi Washington ("Washington") seeks damages totaling $2,409.09 stemming from an automobile collision with defendant James Trautz ("Trautz"). On January 21, 2015, the Court held trial in this action and reserved its decision. This is the Court's decision and order on Washington's request for relief.

## FACTS

Washington and Trautz were the only witnesses who testified at trial. Washington testified that on April 15, 2013 at approximately 5:15pm, he was leaving his employer's work site at the Port of Wilmington, traveling on Hausel Road. According to Washington, he was driving in the right lane, directly behind a semi-trailer truck. An unidentified vehicle was driving behind Washington. Trautz was driving behind the unidentified vehicle. The semi-trailer began to negotiate a left turn from the right lane. As Washington waited for the semi-trailer to complete the turn, Trautz attempted to pass Washington on the right shoulder. While attempting to pass Washington on the right shoulder, Trautz, who was then positioned between the semi-trailer and a traffic barrier, was forced to move back into Washington's lane, and struck Washington's vehicle. Washington's vehicle was damaged on the right front fender. The parties reported the incident to the Diamond State Port Corporation,[1] and the Wilmington Police Department reported to the scene to investigate. No citations were issued. Washington contends that the

---

[1] *See* Diamond State Port Corporation Accident Report

2

accident report taken by the Diamond State Port Corporation, which differs from his testimony, is inaccurate.[2]

Trautz's testimony and version of the events differs from Washington's testimony. Trautz does not dispute that he was traveling behind the semi-trailer, Washington, and the unidentified third vehicle. However, Trautz testified that all the vehicles, including his own, were traveling in the left lane.[3] He stated that the semi-trailer stopped in the left lane with Washington directly behind it. Trautz then signaled for a lane change, moved into the right lane, and continued to travel toward the exit. Trautz stated that he did not attempt to move back into Washington's lane at the time of the accident, because the right lane is the exit designated for employee use. As an employee of a port vendor, Trautz testified that there would be no reason for him to return to the left lane designated as a visitor exit. Trautz contends that Washington veered to the right to avoid the semi-trailer and struck Trautz's vehicle as he was exiting in the employee exit lane. At the point of impact, Trautz contends that he was ahead of Washington in the right lane.[4] Trautz testified that as a result of the impact, he suffered damage to the left rear door and quarter panel of his vehicle.[5]

## DISCUSSION

To prove his negligence claim, Washington must establish by a preponderance of the evidence that Trautz owed him a duty of care, that Trautz breached that duty of care, and that

---

[2] The Diamond State Port Corporation accident report records Washington's statement of the accident as follows: "Washington said he veered to the right to avoid a container truck." At trial, Washington stated that it was Trautz, while attempting to overtake on the right "shoulder", who veered to the left and struck Washington's vehicle.

[3] See Def.'s Ex. 1

[4] See Def.'s Ex. 2. The police report taken by the Wilmington Police Department states in part: "Driver of unit two (Trautz) stated that unit 1 (Washington), to his left, attempted to pull in front of his vehicle, thus striking the driver's side." Trautz disputes the exactness of the report as attributable to him; however, the Court finds that this recitation of the event leading up to the accident more closely aligns with Trautz's version of the accident than Washington's.

[5] See Def.'s Ex. 3

Trautz's breach of his duty proximately caused Washington's injury.[6] Washington has failed to meet his burden.

The testimony of both parties is in conflict and, thus, it is the duty of the Court to assess the credibility of the witnesses and resolve any existing conflicts in testimony.[7] In analyzing the evidence adduced at trial, the Court finds that Trautz's version of the accident is more credible and supported by the weight of the evidence. Indeed, the Diamond State Port Corporation Accident Report states, "Laroi Washington said he veered to the right to avoid a containor [sic] truck and that James Trautz III tried to pass him on the right shoulder causing his car to hit him on the driver's rearside [sic]."[8] Washington's own statement in the accident report confirms Trautz's version of the events. Moreover, the estimate of damages submitted by Washington identifies the "point of impact" on Washington's vehicle at the "right front," which also aligns with Trautz's explanation of how the accident occurred.[9] Although Washington attempted to disavow the statements attributed to him in the accident report, the Court finds Trautz's version of events to be more in line with the evidence presented at trial. Therefore, the Court finds that Washington did not establish liability against Trautz, and thus his negligence claim fails.

---

[6] *New Haverford P'Ship v. Stroot*, 772 A.2d 792, 798 (Del. 2001).

[7] *See Hsu v. Citibank South Dakota, N.A.*, 931 A.2d 437 (Del. 2007) (quoting *Knight v. State*, 690 A.2d 929, 932 (Del. 1996) (The judge, as the trier of fact, is the "sole judge of the credibility of witnesses and responsible for resolving conflicts in testimony.")

[8] *See* Diamond State Port Corporation Accident Report.

[9] On direct examination, Trautz stated that "Mr. Washington's front passenger side collided [with Trautz's rear left door]. I was moving ahead...[and] to my left, I could already see the back of the trailer [at the point of impact], so I was next to [the semi-trailer]."

## CONCLUSION

For the foregoing reasons, the Court finds in favor of James Trautz and against Laroi Washington.

**IT IS SO ORDERED this 12th day of February, 2015.**

Sheldon K. Rennie
Judge